UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NATHANIEL R. BRAZILL,

    Plaintiff,

v.                                                            Case No: 2:17-cv-394-FtM-38CM

ALLEN DEAN PETERSON and
JASON KING,

    Defendants.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Defendant Allen Peterson's Motion to Dismiss Plaintiff's Complaint. (Doc. 19). Plaintiff filed a Response in Opposition to Peterson's Motion to Dismiss. (Doc. 21). This matter is ripe for review.

## **BACKGROUND**

Plaintiff Nathaniel Brazill, a prisoner at the Charlotte Correctional Institution (CCI), sues Defendants Allen Peterson and Jason King in their individual capacities for a First Amendment claim of retaliation under 42 U.S.C. § 1983. (Doc. 1, the "Complaint"). Brazill contends that he was fired from his law clerk position and not reinstated for exercising his free speech rights. At all times relevant to the events alleged in the

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Complaint, Defendant Peterson was the Library Services Administrator and Defendant King was a Correctional Officer and Chief of Security at CCI. Peterson moves to dismiss the Complaint on the basis of qualified immunity and failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

The following facts are set forth in the Complaint (Doc. 1) and are accepted as true for the purposes of this Motion. *See Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). On May 22, 2015, Brazill began working in the law library at CCI as a Certified Law Clerk. (Doc. 1, ¶ 16). Prior to receiving this position, Brazill had over four years of experience working in prison law libraries as a Law Clerk Trainee or a Certified Law Clerk. (*Id.,* ¶¶ 9-15). While working in the law library, Brazill's performance was evaluated by Marie Olson, the Librarian. (*Id.,* ¶ 18). Every month, Olson rated Brazill's work "Above Satisfactory." (*Id.,* ¶¶ 19-20).

On May 15, 2017, Brazill sent a letter to state Senator Bobby Powell concerning a book that was banned from Florida prisons. (*Id.,* ¶ 31). Specifically, on August 30, 2013, the Literature Review Committee (LRC) of the Florida Department of Corrections (DOC) banned *Devils in the Grove,* a Pulitzer-prize winning book by Gilbert King, which "recounts the story of four Black men who were falsely accused of raping a White woman in Groveland, Florida, in 1949 and then tortured by Lake County Sheriff Willis McCall and his deputies." (*Id.,* ¶¶ 25-26). Due to its rejection by the LRC, *Devils in the Grove* was "considered contraband and subject to confiscation." (*Id.*, ¶ 24). In April 2017, the Florida Legislature issued a formal apology to the four wrongly accused men. (*Id.*, ¶ 28). On May 15, 2017, Brazill wrote a letter to Florida State Senator Bobby Powell requesting his assistance in trying to get the prison ban on *Devils in the Grove*

lifted.  (*Id.*, ¶¶ 30-31).  Senator Powell "forwarded a copy of the letter to DOC officials for an explanation" and "arranged a telephone call with [Brazill] to thank [him] for the letter" and to assure him "that the Legislature was looking into the issue."  (*Id.*, ¶¶ 32-33).  Brazill spoke with Senator Powell over the phone on June 2, 2017.  (*Id.*, ¶ 33).

On June 1, 2017, Defendant Peterson "instructed Defendant King and [Marie] Olson to remove [Brazill] from the law library."  (*Id.*, ¶ 34).  That morning, Olson fired Brazill and instructed him not to return to the library.  (*Id.*, ¶ 36).  King filed a Charging Disciplinary Report against Brazill for the unauthorized use of a library computer after Peterson forwarded him the email from Senator Powell containing the letter.  (*Id.*, ¶¶ 35, 37).  In particular, King accused Brazill of using the library computer to write a letter to Senator Powell without permission.  (*Id.*, ¶ 37).  Upon investigation, a disciplinary hearing team found Brazill "Not Guilty" of the charged offense.  (*Id.*, ¶¶ 40-42).  After Brazill was exonerated, Defendants King and Peterson "took no action to restore [Brazill] to his law clerk work assignment in the law library."  (*Id.*, ¶¶ 66, 91).

Brazill claims he "felt ashamed, embarrassed, and intimidated," "lost his job in the air-conditioned law library," "lost the prestige and reverence associated with being a law clerk," and "lost his seniority among the other law clerks."  (*Id.*, ¶¶ 59-63).  As relief, Brazill seeks damages in the amount of $6,000,000 against Defendant Peterson, attorney's fees following the appointment or retention of counsel, and an award of all costs incurred during the prosecution of this action.  (*Id.*, at 11).

## LEGAL STANDARD

In general, all complaints must meet the pleading requirements of Fed. R. Civ. P. 8.  A "pleading must contain a short and plain statement of the claim showing that the

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests, so defendants can properly respond. *Twombly*, 550 U.S. at 555.

If the complaint does not meet the Rule 8 pleading requirements, Rule 12(b)(6) provides parallel grounds to dismiss the complaint. Under Rule 12(b)(6), defendants may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Supreme Court has interpreted this to mean that "[a] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is *plausible* on its face." *Twombly*, 550 U.S. at 570 (emphasis added). A claim is *plausible* when "the pleaded factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the facts need not be detailed, they must "raise a reasonable expectation that discovery will reveal evidence" in favor of the plaintiff's claim. *Twombly*, 550 U.S. at 556. The issue is whether the plaintiff has provided enough information to proceed to discovery– not whether the plaintiff will win his case. *Ashcroft*, 556 U.S. at 678-79. Once the plaintiff has reached discovery, he can collect evidence that will help him win his case. *Id.*

Determining whether a plaintiff deserves to survive a Rule 12(b)(6) Motion is "a content-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citations omitted). Clearly, "unadorned, the-defendant-unlawfully-harmed-me-accusations" are not enough to proceed to discovery. *Id.* at 678 (citations omitted). And, "labels, conclusions, and a formulaic recitation of the elements of a cause of action" alone are insufficient because every legal conclusion pled must be

4

supported by factual allegations. *Id.* (citations omitted). Without enough factual allegations to raise a reasonable expectation of relief, dismissal is warranted under Fed. R. Civ. P. 12(b)(6). *Id.*

**APPLICABLE LAW**

For a prisoner to state a First Amendment retaliation claim under § 1983, the prisoner must establish: (1) that his speech or act was constitutionally protected; (2) that the defendant's retaliatory conduct adversely affected the protected speech; and (3) that there is a causal connection between the retaliatory actions and the adverse effect on the speech. *Douglas v. Yates*, 535 F.3d 1316, 1321 (11th Cir. 2008). To prevail, the adverse action that the inmate suffers as a result of the prison official's alleged retaliation must be such that it "would likely deter a person of ordinary firmness from engaging in such speech[.]" *Smith v. Mosley*, 532 F.3d 1270, 1276 (11th Cir. 2008).

Under 42 U.S.C. § 1997e(e), no civil rights action "may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury[.]" 42 U.S.C. § 1997e(e). In other words, a prisoner must allege a physical injury to sustain a 42 U.S.C. § 1983 claim for compensatory or punitive damages. *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1312-13 (11th Cir. 2002) (stating that "to avoid dismissal under § 1997e(e), a prisoner's claims for emotional or mental injury must be accompanied by allegations of physical injuries that are greater than *de minimis*"); *Harris v. Garner*, 190 F.3d 1279, 1288 (11th Cir. 1999) (finding that the Constitution does not "mandate[ ] a tort damages remedy for every claimed constitutional violation"), *opinion* vacated by 197 F.3d 1059, *opinion reinstated in part by* 216 F.3d 970 (11th Cir. 2000). The statute's clear and broad language

encompasses all claims, including constitutional claims, and provides for no exceptions. *Al–Amin v. Smith*, 637 F.3d 1192, 1197 (11th Cir. 2011). Moreover, no distinction is made between "constitutional claims frequently accompanied by physical injury (e.g., Eighth Amendment violations) and those rarely accompanied by physical injury (e.g., First Amendment violations)." *Id.* Rather, all constitutional claims are treated equally. *Id.*

Although section 1997e(e) does not define what constitutes a physical injury, the Eleventh Circuit has concluded that in order to satisfy the statute "the physical injury must be more than *de minimis*, but need not be significant." *Harris*, 190 F.3d at 1286. Nonetheless, § 1997e(e) does not bar nominal damages. *See Hughes v. Lott*, 350 F.3d 1157, 1162 (11th Cir. 2003); *Nix v. Carter*, Case No. 5:10–cv–256 (CAR), 2013 WL 432566, at *2 (M.D. Ga. Feb. 1, 2013) ("Nominal damages are appropriate if a plaintiff establishes a violation of a fundamental constitutional right, even if he cannot prove actual injury sufficient to entitle him to compensatory damages.") (citing *Hughes*, 350 F.3d at 1162).

**ANALYSIS**

Defendant Peterson seeks dismissal of the Complaint for failure to state a plausible claim and qualified immunity.[2] (Doc. 19). Peterson argues that he acted reasonably when he ordered Defendant Peterson to file a Disciplinary Report against Brazill for allegedly violating department rules and regulations. Peterson attaches a copy of the disciplinary report to his Motion that specifies the regulation that Brazill is

---

[2] Peterson also argues that he is absolutely immune from suit in his official capacity under Florida State law, but the Court notes that Brazill only sues Peterson in his individual capacity.

alleged to have violated, which this Court may properly consider. (Doc. 19-1, Exhibit A). Peterson elaborates, "the fact that [Brazill] was found not guilty after an investigation does not negate [Peterson's] right to issue the [Disciplinary Report] in the first place." (Doc. 19 at 7). Moreover, Peterson claims that his decision to order Defendant King to file a Disciplinary Report was discretionary. Thus, Peterson argues that he is entitled to qualified immunity because he acted within the scope of his discretionary authority. (Doc. 19 at 8).

The Court finds the Complaint states a plausible claim for retaliation against Peterson. Brazill asserts that because of the letter he wrote to Senator Powell, Peterson retaliated against him by directing that he be removed from his position as a law clerk and not restoring him to his law clerk position in the law library after being exonerated of the alleged acts of wrongdoing. Although Peterson seeks qualified immunity on the grounds that the Disciplinary Report was reasonable and that he issued the Report within the scope of his discretionary authority, it is not Defendant Peterson's decision to issue the disciplinary report that Brazill faults, but rather the removal of Brazill from his law clerk position and failure to restore Brazill back to his former position after being exonerated of any acts of wrongdoing that constitutes the alleged retaliatory acts. The letter Brazill wrote to Senator Powell concerning his conditions of imprisonment clearly constitutes constitutionally protected speech. *See Douglas*, 535 F.3d at 1321. And, Brazill's immediate termination and permanent removal from his law clerk position is plausibly retaliatory conduct. *See id.* Finally, the Court can reasonably infer that Brazill's immediate removal from his position as a law clerk was causally connected to Brazill's letter because the Complaint states that Defendant

Peterson instructed Marie Olson to remove Brazill from the library after "Senator Powell forwarded a copy of [Brazill's] letter" to Peterson. Moreover, the Complaint alleges that Peterson forwarded the Senator's email containing the letter to Olson and Defendant King on the same morning that Brazil was fired. Further, despite being exonerated of the disciplinary charges, Brazill was not reinstated to his previous position, a position for which he consistently had received "above satisfactory" reviews and for which he had attained seniority. Accordingly, the Court finds that the Complaint plausibly alleges a First Amendment retaliation claim to proceed from the pleading stage. *Adams v. James*, 784 F. 2d 1077, 1079 (11th Cir. 1986) (applying "the doctrine of unconstitutional conditions" and recognizing that while a prisoner may not have a property interest in his law clerk job, "the lack of entitlement to a particular privilege does not free prison administrators to grant or withhold the privilege for impermissible reasons").

However, Brazill may seek only nominal damages on this claim. Since Brazill does not allege that he suffered any physical injury, he cannot sustain a claim for compensatory or punitive damages. See 42 U.S.C. § 1997e(e); *Mitchell*, 294 F.3d at 1312-13. Brazill's request for monetary damages must necessarily be limited to nominal damages as required by 42 U.S.C. § 1997e(e). Accordingly, Brazill's request for $6,000,000 in damages against Defendant Peterson and $2,000,000 in damages against Defendant King are stricken. However, Brazill may seek nominal damages for his claims, in addition to the costs for bringing the suit. See *Hughes*, 350 F.3d at 1162.

Accordingly, it is hereby **ORDERED:**

1. Defendant Peterson's Motion to Dismiss Plaintiff's Complaint (Doc. 19) is **DENIED**.

2. Plaintiff's request for an award in excess of $6,000,000 in damages against Defendant Peterson and $2,000,000 in damages against Defendant King are stricken and Plaintiff is limited to recovering only nominal damages as well as costs if he prevails on his claim.

3. Defendant Peterson shall file an Answer to the Complaint **within twenty (20) days** of the date of this Order.

**DONE** and **ORDERED** in Fort Myers, Florida this 7th day of September 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record

9