UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NATHANIEL R. BRAZILL,

    Plaintiff,

v.                                             Case No: 2:17-cv-394-FtM-38CM

ALLEN DEAN PETERSON and
JASON KING,

    Defendants.
_____/

## OPINION AND ORDER[1]

Before the Court is Defendant King's Limited Appearance and Motion to Dismiss (Doc. 23). Defendant King seeks dismissal of the Complaint in the above captioned action on the basis, *inter alia*, that service was defective. *See* Doc. 23 at 4-6. Defendant points out that the Court ordered service of the summons and complaint upon the special appointee at Charlotte Correctional Institution on behalf of Defendant King, but the U.S. Marshal incorrectly delivered service to Martin Correctional Institution where it was delivered to an individual named "Holtz." *Compare* Docs. 12 and 17.[2] Defendant King

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] It appears that the U.S. Marshal *sua sponte* redirected the service upon the special appointee at Martin Correctional Institution because the 285 Form completed by Plaintiff indicated that Defendant King was now assigned to Martin Correctional as the Assistant Warden. *See* Doc. 17. The Court is cognizant of the difficulties in serving individuals

requests dismissal of the Complaint pursuant to Fed. R. Civ. P. 4(m), due to the Complaint not be timely served within 90 days, or alternatively pursuant to Fed. R. Civ. P. 12(b)(2) and (5). Doc. 23 at 6. Plaintiff filed a Response to the Motion (Doc. 24), and subsequently filed an Emergency[3] Motion (Doc. 29) requesting that the Court redirect proper service to be effectuated upon Defendant King.

Upon review of the docket, the Court finds that, although directed to effectuate service upon the special appointee at Defendant King's last known place of employment, the U.S. Marshal served the summons and complaint upon an unauthorized agent not at Defendant King's last known place of employment. The Court and U.S. Marshal is responsible for assisting *pro se* litigants proceeding *in forma pauperis* with service of process. S*ee* 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3); *Richardson v. Johnson*, 598 F. 3d 734, 739-40 (11th Cir. 2010) (holding that court-appointed agent must use "reasonable effort" to locate defendant). Consequently, in the interests of justice, the Court will not dismiss the Complaint pursuant to Fed. R. Civ. P. 4(m), or Fed. R. Civ. P. 12(b)(2) or (5). Because there is no prejudice to Defendant King, the Court instead will exercise its discretion under Fed. R. Civ. P. 12(b)(5) and quash the service upon Defendant King as insufficient and direct that service be reattempted. *See Smith v.*

---

employed within the DOC, having experienced similar service issues due to individual defendants no longer working at a specific institution.

[3] When a motion is designated an "emergency" the Court will consider it ahead of other motions. The Court reviewed the Emergency Motion upon its filing and found that there is no emergency. Pursuant to Local Rule 3:01(e) "[t]he unwarranted designation of a motion as an emergency motion may result in imposition of sanctions." Plaintiff is cautioned to only designate motions "emergency" when there is a true emergency. The Court recognizes Plaintiff's *pro se* status and his attempt to timely correct the service deficiencies and will not consider sanctions at this time.

*Conner*, Case No. 8:12-cv-52-T-30AEP, 2013 WL 268685 (M.D. Fla. 2013); *DiFillippo v. Specialty Metals Corp.*, 299 F.R.D. 348, 353 (N.D.N.Y. 2014).

Accordingly, it is now

**ORDERED:**

1. Defendant King's Motion to Dismiss (Doc. 23) is **DENIED** with respect to all issues except service of process, for which service on Defendant King is quashed.

2. Counsel for Defendant King shall advise the Court **within five (5) days** of the date of this Order of the current place of employment for Defendant King or his current home address so that service may be redirected by the Court.

3. Plaintiff's Emergency Motion (Doc. 29) is **GRANTED** to the extent that the Court will redirect service upon Defendant King by separate order upon receipt of the information requested of counsel in paragraph (2).

4. The Clerk shall terminate Plaintiff's Motion for Extension of Time to Perfect Service (Doc. 25) and Motion for Service of Process Forms (Doc. 27) as moot.

**DONE** and **ORDERED** in Fort Myers, Florida this 7th day of September 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record

3